# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# AUGUSTA DIVISION

| | |
|---|---|
| **CLEVELAND PARKS**, <br><br> Plaintiff, <br><br> v. <br><br> **CONTRACT CALLERS, INC.,** <br><br> Defendant. | **CIVIL ACTION** <br> **FILE NO. 1:11-cv-00202-JRH-WLB** |

### DEFENDANT CONTRACT CALLERS, INC.'S ANSWER

COMES NOW, Contract Callers, Inc., Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Any act or omission by Defendants, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C § 1692 *et seq.,* was not intentional and was the result of a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

## THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against Defendant.

## FOURTH DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring him to submit his claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

## FIFTH DEFENSE

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

## NATURE OF ACTION

1.  Defendant admits that Plaintiff attempts to assert claims under the FDCPA and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Defendant denies it violated the FDCPA and the TCPA.

## JURISDICTION AND VENUE

2. Defendant admits this Court has subject matter jurisdiction over the Defendant's FDCPA claims. Defendant denies jurisdiction of this Court arises pursuant to 47 U.S.C. § 227(b)(3).

3. Defendant admits venue is proper.

## PARTIES

4. Defendant admits that Plaintiff is a natural person. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint

5. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Defendant admits it attempted to collect an unpaid account from Plaintiff. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7. Defendant admits in certain circumstances it may be considered a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. Defendant admits to using instrumentalities of interstate commerce or the mails to collect unpaid accounts. Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant admits to placing a telephone call to Plaintiff in an effort to collect an unpaid account. Defendant lacks knowledge or information sufficient to form a belief to the remaining allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Complaint.

13. Defendant admits it placed a telephone call to Plaintiff on July 19, 2011. Defendant denies the remaining allegations of Paragraph 13 of Plaintiff's Complaint.

14. Defendant denies the allegations contained in Paragraph 14 of Plaintiff's Complaint.

15. Defendant admits it placed phone calls to Plaintiff at or around the following dates and times: July 21, 2011, July 22, 2011; August 2, 2011; August 9, 2011; and August 9, 2011. Defendant denies the remaining allegations contained in Paragraph 15 of Plaintiff's Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of Plaintiff's Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Complaint.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692d(5)

20. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692e(10)

22. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

23. Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Complaint.

## COUNT III
## VIOLATION OF 15 U.S.C. § 1692f

24. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

25. Defendant denies the allegations contained in Paragraph 25 of Plaintiff's Complaint.

## COUNT IV
## VIOLATION OF 15 U.S.C. § 1692c(a)(1)

26. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

27. Defendant denies the allegations contained in Paragraph 27 of Plaintiff's Complaint.

## COUNT V
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

28. Defendant incorporates by reference all of the above paragraphs of this Answer as though fully stated herein.

29. Defendant denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

## TRIAL BY JURY

30. Defendant denies Plaintiff's demand for a trial by jury.

31. Defendant denies any and all remaining allegations contained in Plaintiff's Complaint not specifically admitted herein.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of January, 2012.

**BEDARD LAW GROUP, P.C.**

/s/ John H. Bedard Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Jonathan K. Aust
Georgia Bar No. 448584

2810 Peachtree Industrial Blvd.
Suite D
Duluth, Georgia 30097
Telephone: (678) 253-1871, ext. 244
Facsimile: (678) 253-1873
jbedard@bedardlawgroup.com
jaust@bedardlawgroup.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | |
|---|---|
| **CLEVELAND PARKS**<br><br>**Plaintiff,**<br><br>v.<br><br>**CONTRACT CALLERS, INC.,**<br><br>**Defendant.** | **CIVIL ACTION**<br>**FILE NO. 1:11-cv-00202-JRH-WLB** |

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was, this day, electronically filed with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to all attorney(s) of record.

Dennis R. Kurz
dkurz@attorneysforconsumers.com

Respectfully submitted this 6th day of January, 2012.

**BEDARD LAW GROUP, P.C.**

/s/ John H. Bedard Jr.
John H. Bedard, Jr.
Georgia Bar No. 043473
Jonathan K. Aust
Georgia Bar No. 448584